HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID DOUGLAS SPEIDEL,

          Plaintiff,

    v.

DILLON PACKARD, TERRENCE
CLIFFORD, JOSHUA SCHOLTEN,
DELMAS FARRELL, TYLER
HATCHER, BECKY WELCH,
CHIEF DAVE FLOYD, and THE
CITY OF ANACORTES,

          Defendants.

Case No.  2:25-cv-00667-RAJ

ORDER

## I.    INTRODUCTION

THIS MATTER comes before the Court on the Defendants' second motion to dismiss, Dkt. # 42.  No response to the motion was filed.  The Court has reviewed the motion and the balance of the record.  For the reasons set forth below, the Court **GRANTS** the Defendants' motion to dismiss.

ORDER - 1

## II.    BACKGROUND

The Court has set out the facts of this case in detail in its October 21, 2025 Order, Dkt. # 40, and will only recount the facts pertinent to this Order.  Briefly, in his original complaint, *pro se* Plaintiff David Speidel alleged a vast conspiracy that began when Anacortes police officers observed him commit a traffic infraction involving a motorcycle, and subsequently attempted to speak to him despite him entering a nearby apartment and refusing to engage with the officers.  *See* Dkt. # 1.  In the October 21, 2025 Order, the Court granted Defendants' motions to dismiss and granted Mr. Speidel leave to amend solely limited to the §§ 1983 and 1985 claims arising from an alleged unreasonable search against Sergeant Terrance Clifford and Officers Dillon Packard, Joshua Scholten, Delmas Farrell, Tyler Hatcher, and Chad Pleadwell.  Dkt. # 40 at 15–16.

On October 25, 2025, Mr. Speidel filed a Second Amended Complaint for Violation of Civil Rights ("Amended Complaint").  Dkt. # 41.  Mr. Speidel named Sergeant Clifford and Officers Packard, Scholten, Farrell, and Hatcher, as well as Ms. Rebecca Walsh, City of Anacortes Chief of Police Dave Floyd, and the City of Anacortes as defendants.  *Id.*  In the Amended Complaint, Mr. Speidel alleges (1) a § 1983 claim arising from an unreasonable search and seizure against Sergeant Clifford and Officer Packard; (2) a § 1983 claim of retaliation against Sergeant Clifford and Officer Packard; (3) a § 1983 claim arising from Due Process violations against Ms. Walsh; (4) a § 1985 claim of conspiring to conceal record tampering against Sergeant Clifford, Officer Packard, Ms. Walsh, and Chief Floyd; and (5) a *Monell* claim against the City of Anacortes.  *Id.*

Mr. Speidel alleges that when he was an overnight guest at Alyssa Klaister's apartment, Sergeant Clifford and Officer Packard "entered the curtilage of the home,

ORDER - 2

demanded Plaintiff exit, and threatened arrest when he declined." *Id.* at 1–2. Mr. Speidel alleges that after he elected to remain inside, Sergeant Clifford and Officer Packard seized his motorcycle and issued citations based on their observations through a window. *Id.* at 2. Mr. Speidel also alleges that the probable cause affidavit in this case was altered and that the court administrator, Ms. Walsh, republished and concealed court audio, "suppressing exculpatory speech and obstructing Plaintiff's defense." *Id.* Mr. Speidel also asserts new allegations, not included in his prior complaints, that after his public criticism of official misconduct, Sergeant Clifford and Officer Packard caused his arrest using excessive force, and he was placed in solitary confinement. *Id.* Mr. Speidel further alleges that Chief Floyd ratified the officers' conduct by concluding that "no policy violations occurred and by failing to investigate documented tampering and retaliation." *Id.* Finally, Mr. Speidel alleges that the City of Anacortes "maintained customs and practices of selective prosecution, record concealment, and retaliatory arrest against citizens engaged in protected speech." *Id.*

On November 14, 2025, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismiss Mr. Speidel's Amended Complaint. Dkt. # 42. Mr. Speidel has not filed a response.

### III.    LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must point to factual allegations in the complaint that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In analyzing a motion to dismiss, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.

ORDER - 3

2005).  "Conclusory allegations and unreasonable inferences, however, are insufficient to defeat a motion to dismiss."  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  Similarly, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## IV.    DISCUSSION

### A. Mr. Speidel's Failure to File a Response

Under this district's Local Civil Rules, a "response shall be filed and received by the moving party no later than 21 days after the filing date of the motion."  Local Civil Rules, W.D. Wash. LCR 7(d)(4).  "[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  Local Civil Rules, W.D. Wash. LCR 7(b)(2).  Mr. Speidel has not filed a response.  Accordingly, the Court considers Defendants' motion to have merit and grants Defendants' motion to dismiss.  *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (holding that a *pro se* litigant's failure to follow a court's local rules and file a timely opposition to a motion to dismiss is proper grounds for dismissal).  Nevertheless, for the sake of completeness, the Court will address Mr. Speidel's claims below.

### B. Unreasonable Search

Mr. Speidel alleges a § 1983 claim (count 1) arising from an alleged unreasonable search and seizure.  Dkt. # 41 at 2.  However, the Court dismissed with prejudice Mr. Speidel's claim for unreasonable seizure and granted leave to amend as to his unreasonable search claim only.  Dkt. # 40 at 15–16.  Accordingly, the Court will consider Mr. Speidel's claim arising from an alleged unreasonable search only.[1]

---

[1] The Court previously dismissed Mr. Speidel's unreasonable seizure claim with prejudice because it was clear from the allegations that Mr. Speidel was never seized.  *Id.* at 8.  The Amended Complaint arguably suggests Mr. Speidel's unreasonable seizure claim is actually based on the seizure of his motorcycle rather than any seizure of

ORDER - 4

### 1. Sergeant Clifford and Officer Packard

#### a. Overnight Guest Status

The Fourth Amendment prohibits unreasonable searches. U.S. Const. amend. IV. "A government agent conducts a 'search' within the meaning of the Fourth Amendment when the agent infringes 'an expectation of privacy that society is prepared to consider reasonable' or 'physically occupie[s] private property for the purpose of obtaining information.'" *United States v. Lundin*, 817 F.3d 1151, 1158 (9th Cir. 2016) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) and *United States v. Jones*, 565 U.S. 400, 404 (2012)) (alteration in original). At the very core of the Fourth Amendment "stands the right of a [person] to retreat into his own home and there be free from unreasonable governmental intrusion." *Id.* at 1157 (quoting *Silverman v. United States*, 365 U.S. 505, 511 (1961)). This protection extends to the curtilage of the home, which is the "area 'immediately surrounding and associated with the home.'" *Id.* at 1158 (quoting *Oliver v. United States*, 466 U.S. 170, 180 (1984)). In addition, a person "may have a legally sufficient interest in a place other than her own house so as to extend Fourth Amendment protection from unreasonable searches and seizures in that place." *United States v. Barajas-Avalos*, 377 F.3d 1040, 1055 (9th Cir. 2004) (quoting *United States v. Broadhurst*, 805 F.2d 849, 851 (9th Cir. 1986)). For example, one's "status as an overnight guest is alone enough to show that he had an expectation of privacy in the home . . . ." *Minnesota v. Olson*, 495 U.S. 91, 96–97 (1990).

While Mr. Speidel alleges that he was "an overnight guest" and cites *Olson*, Dkt. # 41 at 1, this allegation alone is not sufficient because it is conclusory. That is, Mr. Speidel does not allege facts to support that he was an overnight guest at another's home.

his person. *See* Dkt. # 41 at 2. However, the Court will not invent arguments for Mr. Speidel and will not address this theory without briefing from him.

ORDER - 5

*See United States v. Armenta*, 69 F.3d 304, 308 (9th Cir. 1995) (holding that defendant's "bald assertion that he was an overnight guest (and [another's] statement to that effect) is not sufficient to establish that he had a legitimate expectation of privacy in the house"). Even if the Court were to accept the allegation, *Olson* does not support Mr. Speidel's position because *Olson* was about whether "a warrantless, nonconsensual *entry* into a house where" one was arrested violated the Fourth Amendment. *Olson*, 495 U.S. at 93 (emphasis added). The officers did not enter the apartment, and Mr. Speidel was not arrested. Therefore, *Olson* does not support Mr. Speidel's claim.

### b. Curtilage of the Home

Similarly, while Mr. Speidel alleges that the officers "entered the curtilage of the home" and cites *Florida v. Jardines*, 569 U.S. 1 (2013), Dkt. # 41 at 2, this allegation alone is insufficient because it is conclusory. Mr. Speidel does not allege where the officers were physically located to support his allegation of entry onto the curtilage of the home. *See generally* Dkt. # 41. Mr. Speidel's reliance on *Jardines* is misplaced. While *Jardines* stands for the proposition that the curtilage of the home is subject to Fourth Amendment protections, here, Mr. Speidel's claim fails because he does not allege non-conclusory facts to suggest the officers in fact intruded on the curtilage of the apartment he entered.

### c. Observation through a Window

Mr. Speidel alleges that the officers "issued citations based only on alleged visual observation through a window." Dkt. # 41 at 2. This allegation alone is insufficient to support an unreasonable search claim because it is conclusory. However, even if the Court were to accept it as sufficiently factual, it is still insufficient to give rise to an unreasonable search claim. "An observation of the interior of a protected structure through a window, even when enhanced by a flashlight, does not constitute a search when

ORDER - 6

the observation is made from an open field or public place." *Barajas-Avalos*, 377 F.3d at 1056.  Thus, relying on *Barajas-Avalos*, the court in *Delong v. City of Port Orchard*, No. 06-cv-5115, 2006 WL 2290742 (W.D. Wash. Aug. 9, 2006), found an officer did not violate the Fourth Amendment by using "a flashlight to look inside the window near the front door from a place accessible by the public." *Delong*, 2006 WL 2290742, at *8.  On the other hand, in *United States v. Fuentes*, 800 F. Supp. 2d 1144 (D. Or. July 8, 2011), the court found it was unreasonable to "enter the curtilage of [defendant's] home, stand within inches of a window that is not associated with any point of entry, and peer into the home without any particularized basis for believing exigent circumstances existed." *Fuentes*, 800 F. Supp. 2d at 1154.

Here, Mr. Speidel's only allegation is that officers "issued citations based only on alleged visual observation through a window."  Dkt. # 41 at 2.  Mr. Speidel does not allege where, how, or why the observations through the window constituted a violation. Moreover, Mr. Speidel attaches to his Amended Complaint certain police incident reports.  The reports reflect that the officers "looked through a window on the east side of the apartment walkway."  Dkt. # 41-1 at 17.  In other words, the observations through the window were made from "a place accessible by the public."  *Delong*, 2006 WL 2290742, at *8; *Barajas-Avalos*, 377 F.3d at 1056.  Therefore, nothing in the Amended Complaint or the attached reports supports the inference of an unreasonable search.

### 2.  Officers Scholten, Farrell, and Hatcher

Mr. Speidel named Officers Scholten, Farrell, and Hatcher as defendants in the Amended Complaint.  Dkt. # 41.  Mr. Speidel only states in the "Parties" section that they "were at all times officers of the Anacortes Police Department acting under color of state law." *Id*. at 1.  Mr. Speidel never mentions them in the "Statement of Facts" section, nor does Mr. Speidel assert any causes of action against them in the "Causes of Action"

ORDER - 7

section. *Id.* at 1–3.  Therefore, Mr. Speidel fails to allege any claims upon which relief can be granted against these officers.  Accordingly, Officers Scholten, Farrell, and Hatcher are dismissed from this action.

**C. Mr. Speidel's Remaining Causes of Action**

Mr. Speidel asserts a claim (count 2) for "First Amendment Retaliation" based on new allegations of a retaliatory arrest that took place on October 6, 2025.  Dkt. # 41 at 2. A district court has the ability to deny or strike claims in an amended complaint if the claims fall outside the limit imposed by the district court's order granting leave to amend. *See Temple of 1001 Buddhas v. City of Fremont*, No. 22-15863, 2023 WL 4399243, at *1 (9th Cir. July 7, 2023) (holding that the district court did not abuse its discretion in barring the plaintiff from adding new due process claims after the district court had dismissed the complaint "with leave to amend only certain claims"); *Ferris v. Santa Clara County*, 891 F.2d 715, 719 (9th Cir. 1989) (holding district court did not abuse discretion in striking second amended complaint that added an entirely new claim).  The Court strikes this new claim because it is based on new allegations not asserted in the prior complaints and is outside the scope of the Court's order granting leave to amend.

Mr. Speidel also asserts the following causes of action based on conduct alleged in his prior complaints: (1) "Due Process and Access to Courts (§ 1983)" against Ms. Welch; (2) "Civil Conspiracy (42 U.S.C. § 1985(3))" against Sergeant Clifford, Officer Packard, Ms. Welch, and Chief Floyd; and (3) "Municipal Liability (*Monell*)" against the City of Anacortes.  Dkt. # 41 at 2–3.  These claims fail because the Court granted limited leave to amend only as to Mr. Speidel's §§ 1983 and 1985 claims arising from an unreasonable search.  Dkt. # 40 at 15–16.  Indeed, the Court previously dismissed claims against Ms. Welsh with prejudice based on quasi-judicial immunity.  *Id.* at 11–12, 16. And while the Court permitted leave to amend the § 1985 and official capacity claims

ORDER - 8

arising from the alleged unreasonable search, these claims as pled in the Amended Complaint relate to "record tampering," retaliation, and other issues unrelated to the alleged unreasonable search. Dkt. # 41 at 3. Even if the Court were to consider the claims, there are no plausible allegations in the Amended Complaint that Ms. Welsh "altered and withheld court records," that the named officer defendants "conspired to conceal record tampering and retaliate against Plaintiff," or that the City of Anacortes maintained "policies and customs encouraging false reports, evidence concealment, and retaliatory arrest of citizens engaged in protected speech." Dkt. # 41 at 3. Accordingly, these claims are dismissed.

**D. Leave to Amend**

Whether to grant leave to amend is within the district court's discretion. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008). "Leave to amend may be denied if a court determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Id.* (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "Leave to amend may also be denied for repeated failure to cure deficiencies by previous amendment." *Id.* Mr. Speidel has amended his complaint twice, including once with the benefit of the Court's October 21, 2025 Order explaining the deficiencies with his allegations. *See* Dkts. # 1, 35, 41. Based on Mr. Speidel's repeated failures to cure the deficiencies in the complaint, the Court, in its discretion, declines to grant further leave to amend.

ORDER - 9

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss, Dkt. # 42, and **DISMISSES** Counts 1 and 3–5 **WITH PREJUDICE**.   Count 2 is **STRICKEN.**

The Clerk of Court is directed to send a copy of this order to Plaintiff and close this case.

DATED this 2nd day of April, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER - 10